UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMI APRIL MUSIC, INC., LELLOW PRODUCTIONS, EMI VIRGIN MUSIC, INC., FLOATED MUSIC, MILKSONGS, DRUNK MONKEY MUSIC, SONY/ATV TUNES LLC, ALMO MUSIC CORPORATION, and STYGIAN SONGS,<br><br>        Plaintiffs,<br><br>    v.<br><br>LANES, INC., and HAROLD SCOTT LANES,<br><br>        Defendants. | NO. CV-08-162-EFS<br><br>**ORDER GRANTING IN PART AND HOLDING IN ABEYANCE IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

    Before the Court, without oral argument, is Plaintiffs' (1) Motion to Strike Defendants' Answer and Enter Default Judgment; or, (2) In the Alternative, Motion for Entry of Finding of Contempt Against Defendants; and (3) Motion for an Award of Attorneys' Fees Under Rule 37(b)(2) (Ct. Rec. 36), filed January 14, 2009. After reviewing the submitted material[1] and relevant authority, the Court is fully informed and grants in part and holds in abeyance in part Plaintiffs' motion for default judgment. The reasons for the Court's Order are set forth below.

---

[1] Defendants did not file a response.

ORDER ~ 1

**I. Background**

On May 20, 2008, Plaintiffs filed a Complaint alleging that Defendants publicly play copyrighted music at their establishment without permission and without paying the required license fees. (Ct. Rec. 1.) On July 9, 2008, Plaintiffs moved for default on their infringement claim because Defendants failed to answer the Complaint within Federal Rule of Civil Procedure 12(a)'s prescribed timeline. (Ct. Rec. 7.) Defendants filed an answer the next day. (Ct. Rec. 10.)

After an August 28, 2008 telephonic scheduling conference, the Court entered a Scheduling Order, which set a January 23, 2009 discovery cut-off, and a June 22, 2009 trial date. (Ct. Rec. 24.) Five (5) weeks before the discovery cut-off, Plaintiffs filed a motion to compel and related motion to expedite because Defendants had yet to produce any requested discovery.[2] The Court granted Plaintiffs' expedited hearing request and directed Defendants to respond no later than 9:00 a.m. on December 23, 2008. (Ct. Rec. 32.) No response was filed.

A telephonic discovery hearing occurred on December 23, 2008. (Ct. Rec. 34.) At the hearing, the Court 1) ordered Defendants to file answers to Plaintiffs' pending interrogatories and requests for production no later than January 6, 2009, 2) deemed admitted fifteen (15)

---

[2] In an effort to resolve the matter without Court intervention, Plaintiffs agreed to extend Defendants' discovery response deadlines on three (3) occasions; Plaintiffs also offered to settle. Defendants did not respond to either the discovery demands or the settlement offer. (Ct. Rec. 29 at 3-4.)

ORDER ~ 2

of Plaintiffs' twenty (20) requests for admission, and 3) deferred awarding the actual fees and costs until after the parties completed discovery. (Ct. Rec. 35 at 2.)[3]

The January 6, 2009 deadline came and past - Defendants did not produce the Court-ordered discovery. On January 14, 2009, Plaintiffs filed the discovery sanctions motion now before the Court. (Ct. Rec. 36.) Defendants' response was due on January 28, 2009. *See* LR 7.1(c); FED. R. CIV. P. 6(d). To date, Defendants have not filed a response.

## II. Discussion

Plaintiffs seek a default judgment against Defendants because their willful refusal to cooperate in discovery prejudices Plaintiffs and lesser sanctions would have no effect. (Ct. Rec. 37 at 5.) Plaintiffs also seek the fees and costs associated with bringing the instant sanctions motion. *Id.* at 10.

**A.  Default Judgment Under Rule 37(b)**

Rule 37 gives a district court discretion to enter default judgment against a party who fails to comply with an order compelling discovery. FED. R. CIV. P. 37(b)(2)(A)(vi); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (upholding a default judgment against a defendant that disregarded a discovery order); *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 353-54 (1909) (upholding a default judgment against a defendant who refused to produce documents).

---

[3]This approach allows the Court to conserve judicial resources and resolve all fee and cost awards at once.

ORDER ~ 3

A district court must consider the following five (5) factors when deciding whether default is the proper sanction for discovery noncompliance: "'1)the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the [moving party]; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanction.'" *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (citation omitted). Where, as here, a Court Order is violated, "the first and second factors will favor sanctions and the fourth will cut against them." *Id.* The third and fifth factors are therefore dispositive. In addition to considering the above-referenced factors, a district court must find that the party's noncompliance is due to willfullness, fault, or bad faith. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993).

The Ninth Circuit's multi-factor terminating sanction test is far from a mechanical checklist; rather, it functions as "a way for a district judge to think about what [discovery sanction is just]." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). A district court's decision to impose terminating sanctions will be reversed only if there is a "definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).

1. <u>Prejudice</u>

The Court finds that Defendants' failure to answer Plaintiffs' interrogatories and requests for production constitutes sufficient

ORDER ~ 4

prejudice to warrant default judgment. *See Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990) (finding that failure to produce documents as ordered is sufficient prejudice for default under Rule 37). It makes no difference that the Court previously deemed admitted fifteen (15) of Plaintiffs' twenty (20) requests for admission because the discovery sought in Plaintiffs' interrogatories and requests for production goes beyond the scope of the requests for admission.

   2.   Less Drastic Sanction Availability

Before resorting to terminating sanctions, the district court must consider 1) what lesser sanctions were previously imposed, 2) why other lesser sanctions would be insufficient, and 3) whether the offending party is on notice about the possibility of default. *Brotby*, 364 F.3d at 1116.

Here, the Court previously sanctioned Defendants by ordering them to answer Plaintiffs' discovery requests and awarding Plaintiffs the fees and costs incurred in bringing their motion to compel. (Ct. Rec. 35.) The Court also deemed admitted fifteen (15) of Plaintiffs' twenty (20) requests for admission.[4]

Additional lesser sanctions would not suffice. Throughout the pendency of this action, Defendants have ignored the Federal Rules of

---

[4] The Court recognizes that Plaintiffs' requests for admission were automatically admitted when Defendants failed to respond because Rule 36 is self-executing. *See* 7-36 MOORE'S FEDERAL PRACTICE - CIVIL § 36.03. The Court nevertheless considers this a sanction because it took no steps to provide Defendants relief - nor did Defendants ask for relief.

ORDER ~ 5

Civil Procedure, disregarded Court directives, and repeatedly failed to responded to motions. For example, Defendants failed to 1) timely respond to Plaintiffs' complaint, 2) respond to Plaintiffs' discovery requests, 3) respond to Plaintiffs' first motion to compel, despite a Court Order to do so, 3) comply with the Court's December 23, 2008 Order, and 4) respond to Plaintiffs' motion for default judgment. Importantly, Defendants have made no attempt to explain their conduct or demonstrate any semblance of contrition. There is nothing to indicate that this behavior will change. Given Defendants' willful failure to cooperate in discovery and comply with the Court's orders, it is futile for Plaintiffs and the Court to waste additional time and resources in an effort to obtain Defendants' cooperation. Default judgment is the proper sanction.[5]

And finally, an explicit warning that the Court is considering entering default judgment is unnecessary. *See CFTC v. Noble Metals Int'l*, 67 F.3d 766, 771-72 (9th Cir. 1995) (finding no explicit warning necessary when harsh sanction of dismissal should not have surprised party who willfully violated court's order); *Adriana*, 913 F.2d at 1413

---

[5]The Court also notes that, in 2002, similar copyright owners brought a virtually identical infringement action against Defendants. *See Center City Music, et. al. v. Lanes, Inc. et. al.*, CV-02-419-JLQ. The case settled by Consent Judgment against Defendants, who paid a fine and agreed to obtain a performing license. The above-captioned matter arises from Defendants' alleged failure to maintain the license.

ORDER ~ 6

(same).  In any event, Defendants were on notice when Plaintiffs moved for default judgment as a sanction.

**B. Attorney Fees and Costs**

Rule 37(b) requires the Court to -

> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a court order], unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(b)(2)(C).  Here, Defendants' willful, noncompliant conduct is not substantially justified.  Plaintiffs are entitled to fees and costs.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs'(1) Motion to Strike Defendants' Answer and Enter Default Judgment; or, (2) In the Alternative, Motion for Entry of Finding of Contempt Against Defendants; and (3) Motion for an Award of Attorneys' Fees Under Rule 37(b)(2) **(Ct. Rec. 36)** is **GRANTED IN PART** (default as well as fees and costs) and **HELD IN ABEYANCE IN PART** (judgment).

2. Plaintiffs shall file a memorandum **no later than March 4, 2009,** setting forth a detailed legal and factual basis for all claimed damages. The Court will review the memorandum and, if necessary, set a hearing before entering judgment.

3. Plaintiffs shall file a separate memorandum **no later than March 4, 2009,** setting forth the attorneys' fees and costs attributed to discovery motions in which Plaintiffs prevailed.

\\

\\

ORDER ~ 7

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this   6th   day of February 2009.

                             S/ Edward F. Shea
                            EDWARD F. SHEA
                       United States District Judge

Q:\Civil\2008\162.Rule37.wpd

ORDER ~ 8